United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Rachel M. Smith
Trial Attorney

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) CIVIL ACTION NO. |
| v. | )<br>) |
| TROPIANO TRANSPORTATION SERVICES, INC. | )<br>) COMPLAINT<br>) <u>JURY TRIAL DEMAND</u> |
| Defendant. | )<br>) |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of gender and sex, female, and to provide appropriate relief to Charging Party Belinda Bates and a class of similarly-situated female employees who were adversely affected by such practices. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Belinda Bates and a class of female employees were subjected to a sexually hostile and intimidating work environment by the company President, Nicolas Tropiano. The Commission alleges that despite their numerous complaints about the gender and sex harassment, Defendant Tropiano Transportation Services, Inc, ("Tropiano") failed to take any remedial action to stop the offensive and discriminatory conduct. As a result of the hostile work environment, Ms. Bates and a class of female employees suffered severe emotional distress damages.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f) and (3), ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Tropiano Transportation Services, Inc. ("Tropiano") has continuously been and is now doing business in the State of Pennsylvania and the City of North Wales, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant Employer had continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit Belinda Bates filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least January of 2006, Defendant Employer has engaged in unlawful

employment practices at its North Wales, Pennsylvania facility, in violation of section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 2000(e)-3(a)(1), by subjecting Charging Party Belinda Bates and a class of similarly-situated female employees to a sexually hostile and abusive work environment. The unlawful employment practices include, but are not limited to, the following:

(a) Belinda Bates began working for Defendant as a part-time bus driver on or about February 6, 2006. She was one of only three female bus drivers out of sixty (60) working for Defendant Employer, a private transportation services company. Ms. Bates' duties and responsibilities as a driver included driving a school bus to pick up adults to transport them to and from places of employment twice a day. At all relevant times, Ms. Bates had satisfactory performance.

(b) Beginning in or about March of 2006, Ms. Bates was subjected to sex-based harassment in the form of berating and derogatory comments by Nicolas Tropiano, President of Defendant Employer. He would constantly make comments to her, calling her and other female employees, and even some female customers, "bitches," and "whores."

(c) Tropiano frequently made other inappropriate sexually harassing remarks to her and other females in the office such as "women are screwed up in the head" and "all women do is sit around and eat all day." He also commented about the bodies of female workers, making comments, such as "she has big boobs." When referencing a potential male hire for a bus driver position with a criminal history, he commented that it was "ok to hire him if all he did was beat up his wife." Tropiano often bragged about his sexual exploits.

(d) In addition to creating a hostile work environment by his continuous verbal abuse about females, Tropiano also attempted to physically assault Ms. Bates in the workplace On or about April 18, 2006, Ms. Bates approached Mr. Tropiano to resolve a safety issue concerning faulty brakes on the bus she was to drive that day. Unprovoked, Tropiano began yelling at her, calling her a "bitch" numerous times, and stated that if "[Ms. Bates] were a man, [he'd] punch [her]." Not only did he make this verbal threat, he lunged toward Ms. Bates and raised his fists towards her as if to strike her. Another female employee, Carmen Smith, an ex-police officer, came between them to block the attempted assault. This was done in the presence of other workers, including female employee Nicole Desconio, who was deeply disturbed and fearful because of Mr. Tropiano's violent conduct toward Ms. Bates. Ms. Bates filed a police report with the Montgomery County Police Department.

(e) When Ms. Bates returned to work on April 24, 2006, Mr. Tropiano apologized for the incident. However, he continued to use derogatory, demeaning, and offensive expletives to address Ms. Bates and other female employees and continued to demonstrate his disregard and disrespect for women in general.

(f) Mr. Tropiano also subjected Tammy Johnson to unwelcome sexual harassment in the form of unwanted advances. On numerous occasions, Tropiano waited outside the building for Ms. Johnson, ,and made sexual advances and request that she go away with him. She became increasingly uncomfortable, and eventually so distressed and nervous about this constant harassment, that she asked another female employee, Nicole Desconio, to escort her to her car at the end of each shift so that she would not be subjected to Tropiano's inappropriate sexual advances.

(g) When Ms. Bates spoke to Mr. Tropiano asbout his offensive treatment, he responded, "I'm the owner and I will talk to you how I want."

(h) Although Ms. Bates and the other female employees complained of sexual harassment by Mr. Tropiano to Office Manager, Virginia Lombardo and Human Resources Manager, Jim Burlingame, no action was taken to stop the harassment.

(i) As a result of being subjected to a sexually hostile and intimidating work environment and derogatory treatment based on gender, Ms. Bates and a class of similarly-situated female employees suffered emotional distress damages.

(8) The effect of the practices complained of in paragraph 7(a) through (i) above has been to deprive Belinda Bates and a class of similarly-situated female employees of equal employment opportunities and otherwise affect her status as an employee because of their gender (female).

(9) The acts complained of in paragraph 7(a) through (i) were intentional.

(10) The unlawful employment practices complained of in paragraphs 7(a) through (i) above were done with malice or with reckless indifference to the federally protected rights of Belinda Bates and a class of similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, disparate treatment, constructive discharge, and any other employment practice which discriminates on the basis of sex.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

D.      Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E.      Order Defendant Employer to make whole Belinda Bates and a class of similarly situated female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7(a) through (i) above, including pain and suffering, humiliation, embarrassment, and loss of life's pleasures, in amounts to be determined at trial.

F.      Order Defendant Employer to pay Belinda Bates and a class of similarly situated female employees' punitive damages for its malicious and reckless conduct described in paragraphs 7(a) through (i) above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>    RONALD COOPER
>    General Counsel
>
>    JAMES L. LEE
>    Deputy General Counsel
>
>    GWENDOLYN YOUNG REAMS
>    Associate General Counsel
>
>    U.S. EQUAL EMPLOYMENT
>    OPPORTUNITY COMMISSION
>    1801 L. Street, NW
>    Washington, DC 20507
>
>    /s/ Jacqueline H. McNair
>    JACQUELINE H. MCNAIR
>    Regional Attorney
>
>    /s/ Judith A. O'Boyle
>    JUDITH A. O'BOYLE
>    Supervisory Trial Attorney
>
>    /s/ Rachel M. Smith
>    RACHEL M. SMITH
>    Trial Attorney
>
>    EQUAL EMPLOYMENT OPPORTUNITY
>    COMMISSION
>    Philadelphia District Office
>    The Bourse Building
>    21 S. 5th Street, Suite 400
>    Philadelphia, PA 19106
>    Telephone (215) 440-2642